## GILBERT J. STEVENS, APPELLANT, *v.* SHELDON G. STEVENS AND OTHERS, RESPONDENTS.

*Donatio causa mortis — delivery — when sufficient — " Money " — how construed.*

The plaintiff's wife received from her father's estate two promissory notes, one for $3,919, and the other for $100, the larger of which was, at the time of her death, held by one Hamilton, with her consent, as collateral security for money loaned to her husband, the smaller one being in a bureau in the dwelling house. A day or two before the death of the wife, several persons heard her say to her husband, " you may have the money," or, " all the money." The plaintiff claimed to hold the notes by a gift *causa mortis.* *Held* (1), that though the notes were not " money," yet, as it did not appear that the wife had any money or property except the notes, she must have intended to convey them by the use of that term; (2), that the gift of the larger note was invalid, no delivery being proved, and the note being in the hands of a third person as the property of the wife; but that the gift of the smaller one was valid as it was in a bureau in the husband's house, and presumptively accessible to him.

APPEAL from a decree of the surrogate of Cayuga county, made upon the final settlement of the plaintiff's accounts, as administrator, etc., of Eliza Stevens, deceased.

Eliza F. Stevens, the wife of the appellant, received, for her interest in her father's estate, two promissory notes, amounting to the sum of $4,019. The appellant was indebted to one Hamilton, and, with the consent of his wife, he transferred to said Hamilton the larger of said notes (the one for $3,919), as collateral security for the payment of said indebtedness. Mrs. Stevens died on the 30th April, 1872, leaving three minor children. At the time of her death, the large note, above mentioned, was held by Hamilton as collateral security as aforesaid. The other and smaller note was in a bureau in her dwelling house. After his wife's death, the appellant applied for letters of administration on her estate, and letters were issued in due form of law by the surrogate of Cayuga county, who had jurisdiction to issue the same. The appellant filed an inventory of the estate of his wife, in which were included the notes above mentioned, and certain articles of household furniture. It was verified by the appellant, as her administrator. He gave the bond for the faithful performance of his duties as such administrator. After the death of the wife, he collected the moneys due on said notes. On the settlement of his account as administrator, he claimed to be entitled to the whole personal estate of his wife in his own right, and also that she gave him the notes on her death-bed. Evidence was given by the appellant, to establish a gift *causa mortis*, but the surrogate held and decided, that a gift was not established by the proof, and that he was entitled by law to but one-third part of the wife's estate, and that the minor children were entitled to the remaining two-thirds; and a decree was entered accordingly, and from it the appellant appeals.

On the hearing before the surrogate, the appellant's counsel inquired of him, while testifying as a witness in his own behalf, how long he (the witness) had been in possession of the larger note, at the death of his wife — whether he was in possession of it before she died? These questions were objected to by the counsel for the minor children, and they were overruled, and the appellant's counsel excepted. Several witnesses testified that they saw the

appellant's wife a day or two before she died, and heard her say to the appellant: "You may have the money," or "all the money." The witnesses saw no money, nor did anything pass from the wife to appellant.

*A. W. Shurtleff*, for the appellant.

*E. A. Woodin*, for the respondents.

MULLIN, P. J.:

The decree of the surrogate must be modified. The questions referred to above as having been overruled by the surrogate, were competent, and should have been allowed by the surrogate. They did not call for any communication nor transaction between the deceased and her husband. If there was any aspect of the case, in which the answer would be incompetent on that ground, it was the duty of respondent's counsel to state it. The questions might be answered without calling out any incompetent evidence. There was no gift of the larger note *causa mortis*, as there was no delivery of the thing claimed to be given. At the time when the pretended gift was made, the note, which was the subject of it, was in the hands of Hamilton, who held it as the property of the wife, and it was not actually or constructively in the possession of the appellant. If a gift of "money" would, under any circumstances, convey the note, still, there should have been a delivery of something evidencing the debt, in order to make it valid, or the appellant must have had the actual possession of the thing intended to be given. This he did not have.

The small note was in his possession; that is, it was in the bureau in his house, and presumptively accessible to him. I think he was entitled to the small note, or its avails. * The notes were not money; and, if the language of the wife is to be strictly construed, the notes did not pass to the plaintiff. Regard must be had to the intention of the donor, rather than to the language in which the gift was made. It does not appear that she had money or property of any kind, except the notes and household furniture.

* Fulton v. Fulton, 48 Barb., 581; Champney v. Blanchard, 39 N. Y., 111; Allen v. Cowan, 23 id., 502.

She meant to give something to the plaintiff, and, as there was nothing but the notes to give, we must hold that they were what she intended to give. They were but the evidences of a money indebtedness, out of which, or by means of which, money was to be realized. They were the representations of money, and a gift of them was, in law, a gift of the money.

The decree must be modified, so as to allow the appellant the $100, in addition to the amount awarded by the surrogate, and, as modified, it is affirmed, without costs to either party.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.